James H. HANLEY, et al., Plaintiffs,

v.

**FIRST INVESTORS CORPORATION and John Marceaux, Defendants.**

Civ. A. No. 1:90CV848.

United States District Court, E.D. Texas, Beaumont Division.

April 5, 1991.

J. Hoke Peacock, Keith Kebodeaux, Orgain Bell & Tucker, Beaumont, Tex., and Jeff Branick, Scot E. Sheldon, Port Arthur, Tex., for plaintiffs.

Tom Hanna, Mehaffy & Weber, Beaumont, Tex., Stephen W. Grafman, Kirkpatrick & Lockhart, Washington, D.C., for defendants.

ORDER

COBB, District Judge.

The plaintiffs, James H. Hanley, *et al.*, wish that their claims against the defen-

dants, First Investors Corporation and John Marceaux, be heard in a state courthouse. For, since the defendants first removed this lawsuit of state and federal claims and promptly moved for summary judgment, the plaintiffs have barraged this court with requests for continuances and motions to remand.

First, the plaintiffs moved that this court dismiss their federal claims *without* prejudice and remand the remaining state-law claims. This court heard the plaintiffs' motion, at which hearing counsel for the plaintiffs announced that their federal claims had become "untenable."

Shortly after the hearing, in apparent response to the skeptical tone of the court's queries to plaintiffs' counsel, the plaintiffs filed a new motion to remand, this time moving the court to remand their state-law claims and simultaneously dismiss *with* prejudice their federal-law claims. The plaintiffs averred in the second motion that "... it is not to their advantage to seek recovery under the Federal Securities laws and RICO because they believe that they are entitled to more favorable damage recoveries under their state law theories." The plaintiffs urged a remand "under the doctrine announced in" *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

Justice Marshall, writing for the majority in the Supreme Court's *Cohill* decision, stated: "[w]e conclude that a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." 484 U.S. at 357, 108 S.Ct. at 622. In *Cohill* the Court discussed several factors which a district court should consider when assessing the propriety of a motion to remand.

Among these factors, the district court "can consider whether the plaintiff has engaged in any manipulative tactics." *Id.* Also, the Court referred frequently to its decision in *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), its seminal decision in the area of pendent claim jurisdiction. The court stated that

> Under *Gibbs,* a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit *in its early stages* and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.

*Cohill,* 484 U.S. at 350, 108 S.Ct. at 618 (*citing Gibbs,* 383 U.S. at 726–727, 86 S.Ct. at 1139–1140) (emphasis added).

First, the "in its early stages" language troubles this court with regard to relinquishing jurisdiction over this lawsuit. This lawsuit was originally filed in state court on September 27, 1990. The defendants timely removed the case on October 29, 1990, simultaneously filing a comprehensive motion for summary judgment and/or dismissal which, if granted, could dispose of all the plaintiffs' claims. On November 6, 1990 the plaintiffs moved to extend the time within which to respond to the defendants' motion. On November 11, 1990 the court allowed the plaintiffs an extension until December 10, 1990. On November 27, 1990 plaintiffs moved to enroll additional counsel, amend their complaint, and extend the time within which to respond to defendants' motion for summary judgment and/or dismissal. On December 19, 1990 the court signed an order granting all these motions, allowing plaintiffs until January 11, 1991 to respond to the defendants' motion. Then on January 8, 1991, the plaintiffs filed their first motion to remand, wherein they also sought additional time to respond to the defendants' motion for summary judgment should the court deny their remand motion. The next day, the plaintiffs filed an "agreed" motion for extension of time, until February 11, 1991, within which to re-

spond to the defendants' motion for summary judgment. On January 24, 1990 the plaintiffs filed another "agreed" motion to extend the time within which to respond to the defendants' motion. On January 31, 1991 the court signed an order allowing the plaintiffs until February 28, 1991 to respond to the defendants' motion. On February 21, 1991 the court heard the plaintiff's motion to remand, which was taken under advisement. On March 5, 1991 the plaintiffs filed their second motion to remand, as discussed above. The court has yet to receive the plaintiffs' response to the defendants' motion for summary judgment.

While the court understands the plaintiffs' reluctance to respond to the defendants' potentially dispositive motion, given the possibility of a remand, that alone is no excuse. This lawsuit has been on file in this court for over five months. During this time, the court has become familiar with the factual and legal basis of the lawsuit. The plaintiffs have had more than ample time within which to respond to the defendants' motion for summary judgment and/or dismissal. The court finds that the *Gibbs* concerns of judicial economy and convenience weigh in favor of this court retaining jurisdiction over the case. This case has been driven too far down the road in this court for the plaintiffs to suddenly hit the brakes and facilely exit to state court.

Second, under the Supreme Court's decision in *Gibbs, supra,* this court is empowered to hear all of the plaintiffs' claims. And, under the Court's decisions in *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), the plaintiffs are entitled to receive identical relief in this court as in state court.

Third, the court senses strongly that the plaintiffs are engaging in the "manipulative tactics," a euphemism for forum shopping, addressed in *Cohill.*

Accordingly, it is hereby ORDERED that both of the plaintiffs' motions to remand are, in all things, DENIED.

Further, it is hereby ORDERED that the plaintiffs have until and including April 19, 1991 to file their response to the defendants' motion for summary judgment.